The opinion of the court was delivered by
Spencer, J.
Defendant was indicted and convicted of larceny. He appeals and assigns as error—
First — That the description of the thing stolen is insufficient, and no value is alleged. The information charges the larceny of “ninety dollars, in paper currency of the United States of America,” and states no value thereof.
In an indictment for the larceny of bank notes it is necessary to aver the value; but not so of government coin or money, which are themselves value. See 1 Whart. sec. 361.
We think the charge is sufficiently specific in describing the thing ■stolen as “ninety dollars in paper currency of the United States of America.”
The prosecution in such cases as this is not supposed to be in possession of, or to have access to, the thing stolen, so as to give a minute and particular description of it. To require such description would virtually defeat all prosecutions for the theft of money. It is sufficient that from the charge in the indictment and the descrffition of the thing, it appears a crime has been committed, if the facts be true. See Whart. vol. 1, see. 358.
It has been held sufficient to charge the larceny of so many dollars in “U. S. gold coin;” also, “in specie coin of the U. S.,” without desig *868 nating the kind of coin, or the number or denomination of the pieces. Whart. vol. 1, sec. 363.
Second — It is assigned, also, as error, that the record does not show affirmatively that the accused had counsel. But it does appear that witnesses were sworn and examined in his behalf, and that counsel moved for an appeal.
In the absence of proof to the contrary, we must presume that the court a qua did its duty in this regard. A party has the right, the privilege, of being heard by himself or counsel, but is not obliged to have counsel. He may prefer to defend his own cause. It is the duty of tho court, if the accused desires counsel and is unable to employ one, to assign one to him; but we know no law or reason requiring the facts-in this regard to appear as part of the record. Besides, if the party was improperly denied counsel on trial, it should have been made to-appear by motion for new trial.
The judgment and sentence appealed from are affirmed.